UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **ROCHELLE DRIESSEN,** | : | Case No. 3:12-cv-91 |
| **Plaintiff,** | : | **District Judge Walter H. Rice** |
| | : | **Magistrate Judge Michael J. Newman** |
| -vs.- | : | |
| **WOODFOREST NATIONAL BANK,** | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION[1] THAT:
(1) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 17)
BE GRANTED; (2) *PRO SE* PLAINTIFF'S CROSS-MOTION FOR SUMMARY
JUDGMENT (Doc. 26) BE DENIED; AND (3) JUDGMENT BE ENTERED AGAINST
PLAINTIFF AND IN FAVOR OF DEFENDANT AS TO ALL CLAIMS SET FORTH
AGAINST IT IN PLAINTIFF'S COMPLAINT (Doc. 1-3)**

**I.   INTRODUCTION**

Plaintiff Rochelle Driessen, a resident of Dade County, Florida, brings this case *pro se*[2] raising claims under the Electronic Fund Transfer Act, 15 U.S.C. § 1601 *et seq*. ("EFTA"), which regulates the participants in electronic fund transfer systems. *See* doc. 3. Because Plaintiff's claim arises under EFTA, this matter is within the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331.

Plaintiff initiated this action based upon a series of emails she received from various @hotmail.com and @skymail.mn email addresses. *See* doc. 4-1 at PageID 13-16. The emails stated that the "United Nation" [*sic*] deposited $8,300,000.00 for her at Woodforest National

---

[1] Attached hereto is NOTICE to the parties regarding objections to the Report and Recommendation.

[2] The Court previously granted Plaintiff's motion to proceed *in forma pauperis*. *See* doc. 2.

Bank[3] (hereinafter "Woodforest"), Defendant in this action. *Id*. The emails also explained that Plaintiff could get the $8.3 million from Woodforest only if she paid a "transfer fee" of $450.00 to the sender of the emails. *Id*. Plaintiff did not pay the transfer fee, and instead filed this action against Woodforest, under EFTA, for its alleged failure to disburse the $8.3 million purportedly being held in her name.

This case is before the Court on Woodforest's motion for summary judgment (doc. 17), and *pro se* Plaintiff's cross-motion for summary judgment (doc. 26). Both motions, having been fully briefed, are ripe for Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the Court recommends that: (1) Woodforest's motion for summary judgment be granted; (2) Plaintiff's motion for summary judgment be denied; and (3) that judgment be entered against Plaintiff and in favor of Woodforest as to all claims set forth against it in Plaintiff's complaint (doc. 1-3).

## II.  RELEVANT FACTS

On March 13, 2012, Plaintiff received an email from the email address "woodfostbank@skymail.mn" [*sic*] stating, *inter alia*:

> Subject: ATIENTION [*sic*]: THIS IS TO NOTIFY YOU THAT YOUR FUNDS ARE CURRENTLY» BEING LODGED INTO WOOD FOREST NATIONAL BANK [*sic*] IN DAYTON OHIO BRANCH BECAUSE» WE HELD MEETING [*sic*] TODAY WITH THE (UNITED NATION) [*sic*] BECAUSE THEY TOTALLY GIVES» [*sic*] BENEFICAIRIES [*sic*] LIKE YOU THE OPPORTUNITY TO TRANSFER FUNDS VIA TELEPHONE» BANKING TO BE ABLE TO ESCAPE INTERNATIONAL MONETARY POLICIES AGAINST» TRANSFER OF FUNDS ABOVE MILLION US DOLLARS [*sic*]. HOWEVER, THIS NEW PAYMENT» ARRANGEMENT IS DESIGNED TO HELP YOU GET ACCESS TO GLOBAL TELEPHONE BANKING» AND COMPLETE TRANSFER OF FUNDS WITHOUT ANY DELAY. [*sic*] FINALLY, FURNISH US» YOURcULL [*sic*] NAME AND YOUR MOBILE TELEPHONE NUMBER AND A COPY OF YOUR ID ,IS» [*sic*] ALL WE

---

[3]Woodforest is a national bank association operating under the Federal Deposit Insurance Corporation ("FDIC"). Doc. 7.

> NEED AND YOUR ACCOUNT WILL BE ACTIVATED, [*sic*] THIS IS TO MAKE SURE YOU» ARE THE RIGHT PERSON. UPON THE RECEIPT OF YOUR EMAIL YOUR ACCOUNT WILL BE» ACTIVE IN 24 HRS. THANK YOU FOR BANKING WITH US. MR.RENEE D ,GRAHAM» [*sic*]

*Id*.

The sender of the email, "MR.RENEE D ,GRAHAM [*sic*]" did not explain why Plaintiff was suddenly the recipient of any money, let alone $8.3 million. *Id*. Nevertheless, the email asked Plaintiff to provide her mobile telephone number and a copy of her identification. *Id*. Plaintiff responded with the requested information, via email, on March 14, 2012. *Id*.

On the morning of March 15, 2012, Plaintiff received another email from the same email address, woodfostbank@skymail.mn [*sic*], which directed her to contact "James Lewis" by email at "woodforstbnk011@hotmail.com [*sic*]" or by telephone at (940) 604-7098.[4] Doc. 1-4 at PageID 13. The email, sent from "Mr Renee Graham [*sic*]" states, *inter alia*:

> ATIENTION [*sic*]: Rochelle Yvette Driessen Thanks for your mail information [*sic*] However, Your payment will now be made to you through a correspondent paying bank Wood forest Bank [*sic*] This will be via their Telephone Online Banking Automated Funds Transfer System. [*sic*]

*Id*. The email informed Plaintiff that she was required to make a payment in the amount of $150.00 to "open and re-activate" her account. *Id*. Attached to the email was a document purporting to be a "Certificate of Deposit," in the amount of $8.3 million from the United Nations, bearing the Woodforest name and a Dayton, Ohio mailing address. Doc. 1-4 at PageID 13-14.

That same day, Plaintiff received a follow-up email from "James Lewis," but from a different email address: "wfnb202@hotmail.com." Doc. 1-4 at PageID 15. This email claimed that an account existed at Woodforest, in the name of a "Donald D. Laubach," which contained

---

[4]The Court takes judicial notice that (940) is an area code for a northern portion of Texas.

3

$8.3 million. *Id*. Plaintiff was informed: "If you want to this check this account ,please [*sic*] call 347 943 1255[5] and you listen [*sic*] the operator will ask you to press 2 to account department to check your account and once you press 2 it will ask you to put the account number and pin number then it will tell you how much is in the account[.] [*sic*]" *Id*.

Shortly thereafter, Plaintiff responded via email and indicated that she called the automated number provided in the previous email, but was informed that she needed a "transfer code" to access the funds. *Id*.

At 8:01 p.m. on March 15, 2012, Plaintiff then received an email from "James Lewis" -- but from a different email address, "woodforstbnk011@hotmail.com [*sic*]" -- which informed her that she needed to pay $450.00 to obtain the "transfer code." *Id*. When Plaintiff responded with emails indicating her refusal to pay for the "transfer code," she received unsigned emails from "wfnb202@hotmail.com" which stated that her account would be "suspended." Doc. 1-4, PageID 15-16. The emails from wfnb202@hotmail.com explained: "please if you are not interested your account will be suspended [*sic*]" and "we can not wait any longer pay [*sic*] and have your fund or else it will over by monday[.] [*sic*]" *Id*.

On March 26, 2012, Plaintiff filed this action seeking $8.3 million from Woodforest. Doc. 1-3.

Woodforest does not dispute that any or all of the above described facts may have occurred. *See* docs. 7, 17, 25. Nor does Woodforest dispute that each of the email communications attached to Plaintiff's complaint were actually received or initiated by her. *See id*. Rather, Woodforest argues that Plaintiff has been the target of a scam which was intended to steal, at the minimum, $450 from her. *Id*.

---

[5]The Court takes judicial notice that (347) is an area code for a portion of New York City.

4

Attached to Woodforest's motion for summary judgment are affidavits from three Woodforest employees who aver, *inter alia*, that: (1) Woodforest has never had any bank account associated with the name "Rochelle Driessen;" (2) Woodforest has never had any account numbered "872436547," which was identified in a March 15, 2012 email, sent from wfnb202@hotmail.com, as the account number which contained $8.3 million (*cf.* doc. 1-4 at PageID 15); (3) Woodforest did not receive a deposit of $8.3 million from the United Nations -- or the "United Nation" [*sic*] -- on or around November 28, 2011, the date indicated on the "Certificate of Deposit" emailed to Plaintiff (*cf.* doc. 1-4 at PageID 14); (4) Woodforest has never issued a Certificate of Deposit with a deposit code of WF00423615, which is the "deposit code" on the "Certificate of Deposit" emailed to Plaintiff (*cf. id.*); (5) Woodforest has no "telephone bank accounts"; and (6) Woodforest did not send Plaintiff any of the communications alleged in her Complaint.  *See* Affidavit of Lisa Cotton, doc. 17-2 at PageID 81-82 (hereinafter "Cotton Aff."); Affidavit of Richard Ferrara, doc. 17-3 at PageID 86 (hereinafter "Ferrarra Aff."); Affidavit of James Lewis, doc. 17-1 at PageID 78-79 (hereinafter "Lewis Aff.") Additionally, one of the employees, Mr. James Lewis, avers that he is the manager of a Woodforest branch, but is not the same "James Lewis" who sent the aforementioned emails to Plaintiff from the @hotmail.com accounts.  *See* Lewis Aff., doc. 17-1 at PageID 78-79.

Plaintiff submitted no affidavits or evidence refuting the averments made by the Woodforest employees.  *See* doc. 22, 26.  Nevertheless, she maintains that Woodforest has violated EFTA by wrongfully withholding $8.3 million that she claims the United Nations deposited for her benefit.  Doc. 26.

### III.  SUMMARY JUDGMENT STANDARD

In this case, the parties have submitted cross motions for summary judgment.  Docs. 17, 26.  Resolving such competing motions does not alter the applicable legal standards described in Fed. R. Civ. P. 56.  "The filing of cross-motions for summary judgment does not necessarily mean that the parties consent to resolution of the case on the existing record or that the district court is free to treat the case as submitted for final resolution on a stipulated record." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (citations omitted).  Instead the Court grants or denies each motion for summary judgment on its own merits, applying the standards of Rule 56.  *See id.*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  "A genuine issue of material fact exists when, 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'"  *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475-76 (6th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  However, the non-moving party must present some evidence to show a genuine issue for trial exists. "[I]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id.* at 476 (quoting *Anderson*, 477 U.S. at 249-50) (internal quotation marks omitted).

In ruling on a motion for summary judgment (in other words, in determining whether or not there is a genuine issue of material fact), "[a] district court is not…obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."  *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).  Thus, a court is

entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

## IV.  ANALYSIS

Plaintiff's entire case is based upon a series of emails sent from three email addresses: wfnb202@hotmail.com; woodfostbank@skymail.mn [*sic*]; and woodforstbnk011@hotmail.com [*sic*].  In two of the three email addresses, the "Woodforest" name is spelled incorrectly.  Moreover, two of the addresses are from the hotmail.com domain, a free web-based email system; the third, skymail.mn, bears the internet country code of Mongolia (.mn).  None of the emails are from woodforest.com, which is the domain name owned and operated by Woodforest, and the address from which all Woodforest employees are required to utilize when conducting business on Woodforest's behalf.  *See* Ferrara Aff., doc. 17-3 at PageID 86; Lewis Aff., doc. 17-1 at PageID 78-79.

Other than the aforementioned emails, Plaintiff has not produced any evidence demonstrating that the United Nations -- or the "United Nation" [*sic*] as identified in the initial email -- has deposited any money on her behalf at Woodforest.  Plaintiff has produced no bank statements, signature cards, account agreements, wire transfer receipts, or any correspondence bearing either United Nations or Woodforest letterhead.  Moreover, of the correspondence Plaintiff has produced, there is no evidence that those emails were actually sent by a Woodforest agent, and not an imposter who set up a free email account through hotmail.com.

Furthermore, Plaintiff does not refute or provide any evidence contradicting the affidavits of three Woodforest employees which state that Plaintiff has never had any bank account at

7

Woodforest, let alone any account numbered "872436547" (as identified the a March 15, 2012 email, sent from wfnb202@hotmail.com).  *See* Lewis Aff., doc. 17-1 at PageID 79; Cotton Aff., doc. 17-2 at PageID 81-82; *cf.* doc. 1-4 at PageID 15.  Similarly, Plaintiff does not address or provide any evidence to oppose the Woodforest employees' assertions that Woodforest never received a deposit of $8.3 million from the United Nations on or around November 28, 2011 (the date indicated on the "Certificate of Deposit" emailed to Plaintiff); never issued a Certificate of Deposit with a deposit code of WF00423615 (which is the "deposit code" on the "Certificate of Deposit" emailed to Plaintiff); and does not maintain "telephone bank accounts."  *Id.*  Accordingly, the facts set forth in the Cotton, Ferrara, and Lewis affidavits are undisputed as a matter of law, and are accepted as true.  *Anderson*, 477 U.S. at 248-50.

Although Plaintiff's sole cause of action is based upon EFTA, she has not provided any evidence that she had an "account" at Woodforest, as defined by 15 U.S.C. § 1693a.  Nor has Plaintiff produced evidence that she had any relationship with Woodforest which would invoke EFTA, or otherwise create a duty of care under any state or federal law.  Moreover, Plaintiff has produced no colorable evidence that an "electronic funds transfer," as defined by EFTA, actually occurred here.  *See* 15 U.S.C. § 1693a.  Emails stating that an $8.3 million electronic transfer from the "United Nation" to Woodforest (and for Plaintiff's benefit) occurred -- sent from various hotmail.com and skymail.mn email accounts which misspell Woodforest's name -- are insufficient proof that an "electronic fund transfer" in fact occurred.  Therefore, as Plaintiff is unable to present a viable claim under the EFTA, summary judgment in Woodforest's favor is warranted.

Even if Plaintiff's complaint is liberally construed to contain a cause of action based in tort, *see Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (courts construe *pro se* filings

8

liberally), recovery against Woodford is likewise impossible under common-law tort principles. Plaintiff's lack of any account or relationship with Woodforest as a customer inexorably leads to the conclusion that Woodforest bore no duty of care to Plaintiff.  Ohio tort law limits recovery to those who have been the victims of a tortfeasor owing them some legally cognizable duty of care.  The first element of a *prima facie* case under Ohio tort law, therefore, is a showing that the defendant owed such a duty.  See *Wolfe v. Continental Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981); 88 O.Jur.3d Torts § 3.  It is well established that even a plaintiff alleging simple negligence "must prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty." *Cooperider v. Peterseim*, 103 Ohio App. 3d 476, 479 (1995).

The existence or non-existence of a duty is a question of law for the Court.  *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989).   Ohio follows the prevailing rule that a bank owes no duty to a person who is neither a customer nor an account-holder.  *Loyd v. Huntington Nat'l Bank*, No. 1:08-cv-2301, 2009 U.S. Dist. LEXIS 51858, *7, n. 32 (N.D. Ohio June 18, 2009). *See also Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 227 (4th Cir. 2002) (holding that banks do not owe non-customers a duty of care); *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 232 (5th Cir. 2010) (same); *Conder v. Union Planters Bank, N.A.*, 384 F.3d 397, 399-400 (7th Cir. 2004) (same); *IBP, Inc. v. Mercantile Bank of Topeka*, 6 F. Supp. 2d 1258, 1265 (D. Kan. 1998) (noting that "nearly every court has reasoned that a bank owes no duty of care to a non-customer with whom it has no relationship").  The reasoning behind this rule is simple and sensible -- if banks owed duties to non-customers, they would be exposed to "unlimited liability for unforeseeable frauds."  *Eisenberg*, 301 F.3d at 226.  Here, based upon the lack of evidence showing *any* relationship between Plaintiff and Woodforest, the Court finds that Woodforest

9

owed no duty to Plaintiff, and thus could not have breached a duty to her. Therefore, because Plaintiff cannot show a breach of any duty, she cannot maintain an action against Woodforest based in tort.

The evidence produced by Plaintiff, if anything, indicates that Plaintiff was the target of a scam perpetrated by an unknown third party, attempting to pass itself off as Woodforest.[6] The text of the emails themselves -- besides being riddled with spelling, grammatical, and punctuation errors -- should have alerted Plaintiff to their fraudulent nature. The initial email Plaintiff received identified no legitimate reason as to why Plaintiff would be given $8.3 million from the United Nations other than an apparent desire to "ESCAPE INTERNATIONAL MONETARY POLICIES AGAINST» TRANSFER OF FUNDS ABOVE MILLION US DOLLARS. [*sic*]" Doc. 1-4 at PageID 13. In addition to the misspellings of the "Woodforest" name in the hotmail.com email addresses discussed *supra*, the emails also erroneously refer to "WOOD FOREST NATIONAL BANK" and "Wood-forest [*sic*]"-- not the institution's name a singular word. *Cf. id.*; Doc. 1-4 at PageID 13, 15. The emails also contain more nuanced indicators of fraud, such as the area codes of the telephone numbers Plaintiff was "required" to call. For instance, the emails directed Plaintiff to phone numbers with area codes of (940) and

---

[6]As Woodforest astutely points out in its motion for summary judgment, this is not the first time Plaintiff has apparently been the target of an email scam, and not the first time she has filed suit based upon similar emails similar to the ones at issue here. Doc 17 at PageID 63-64 (citing *Driessen v United Nations, et al.*, Case No. 1:2012-cv-03009 (U.S. District Court, Southern District of New York) (claiming that the United Nations and several banks failed to electronically transmit funds after she received an e-mail stating that she should receive $800,000 from the United Nations as a result of a scam if she sent them her banking account information); *Driessen v. Clinton, et al.*, Case No. 1:2012-cv- 00227 (U.S. District Court Eastern District of Texas) (claiming that Hillary Clinton and the FBI informed her via e-mail that she was entitled to an inheritance of $10.5 million from a relative in Nigeria, which was being withheld until it was proven not to be terrorist or drug related); *Driessen v South African Reserve Bank, et al.*, Case No. 1:2012-cv-00309 (U.S. District Court, Eastern District of Texas) (claiming that her inheritance from Nigeria now totals $30.5 million, that the South African Ministry has ruled the funds are drug free, and that the demanded fee to transfer the money was improper)).

(347) -- not the (937) the area code which covers the city of Dayton, or a toll free code such as (800) or (877). *See* doc. 1-4 at PageID 13-16; *cf*. doc. 22-5 at PageID 144 (identifying (877) 968-7962 as the telephone number for Woodforest mobile banking customer support).

Finally, the Court has reviewed and considered Plaintiff's motion for summary judgment, and the exhibits attached thereto.[7] For the reasons described *supra*, Plaintiff's motion fails to present sufficient evidence or otherwise demonstrate that she is entitled to judgment as a matter of law under Fed. R. Civ. P. 56. Although Plaintiff argues otherwise, the fact that the individual who sent her an email from "woodforstbnk011@hotmail.com [*sic*]" claims the name "James Lewis" -- which is the same name of the manager of Woodforest's York Commons Boulevard branch in Dayton, Ohio -- is insufficient to create a genuine issue of material fact, given that, *inter alia*, the emails upon which she bases her entire case mistakenly spell "Woodforest" as "woodforstbnk [*sic*]" in the email addresses, and "Wood Forest" and "Wood-forest" in the email bodies. *See* doc. 1-4, PageID 13, 15; *cf*. Lewis Aff., doc. 17-1. *Pro se* Plaintiff has presented no evidence, affidavits, deposition testimony, or other Rule 56 evidence to indicate that the sender of the emails was acting as an agent of Woodforest, and has offered no evidence to refute Mr. Lewis' affidavit testimony that he did not control or use the woodforstbnk011@hotmail.com or wfnb202@hotmail.com email accounts. *See id*. Accordingly, Plaintiff's motion for summary judgment is without merit, and should be denied. *See* Fed. R. Civ. P. 56.

## V. RECOMMENDATION

Based upon the foregoing, the Court concludes that there exists no genuine issue of material fact as to any claims set forth in Plaintiff's complaint (doc. 1-3). As such, Woodforest is entitled to judgment as a matter of law on all of Plaintiff's claims. *See* Fed. R. Civ. P. 56.

---

[7]Plaintiff submitted no affidavits or other Rule 56 evidence in support of her motion.

**IT IS THEREFORE RECOMMENDED THAT:**

1) Woodforest's motion for summary judgment (doc. 17) be **GRANTED;**

2) Plaintiff's motion for summary judgment (doc. 26) be **DENIED;** and

3) Judgment be **ENTERED** against Plaintiff and in favor of Woodforest as to all claims set forth against it in Plaintiff's complaint (doc. 1-3).


September 28, 2012                    s/**Michael J. Newman**
                                      United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report & Recommendation objected to and shall be accompanied by a memorandum in support of the objections.  If the Report & Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).