# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROCHELLE DRIESSEN, | : | Case No. 3:12-cv-91 |
| Plaintiff, | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| -vs.- | | |
| | : | |
| WOODFOREST NATIONAL BANK, | | |
| | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION[1] THAT PLAINTIFF BE DENIED PAUPER STATUS ON APPEAL

On January 18, 2013, Judge Walter Rice issued a Decision and Entry adopting the undersigned's Report and Recommendation, and granting summary judgment in favor of Defendant Woodforest National Bank ("Woodforest"). *See* docs. 30, 39. On January 25, 2013, *pro se* Plaintiff filed a Notice of Appeal in this Court, and simultaneously filed a Motion for Pauper Status in the Sixth Circuit Court of Appeals. *See* docs. 41, 42 at PageID 297. Thereafter, Woodforest filed a motion requesting this Court issue an Order denying Plaintiff pauper status on appeal. Doc. 42.

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." This statutory requirement is reflected in Fed. App. R. 24(a)(3)(A), which grants the District Court the ability to require Plaintiff to pay the filing fees related to an appeal if "the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding."

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

In her motion for pauper status, Plaintiff states that the issues she wishes to raise on appeal are: (1) the permissibility of a U.S. Magistrate Judge issuing a Report and Recommendation pursuant to 28 U.S.C. § 636; and (2) the Court's purported failure to take into consideration her memorandum in opposition to Woodforest's motion for summary judgment. *See* doc. 42 at PageID 297. Plaintiff identifies no apparent errors of law, and states no other reasons for pursing an appeal. *Id*.

Judge Rice already addressed Plaintiff's contentions regarding the authority of a U.S. Magistrate Judge to submit a Report and Recommendation in his Decision and Entry, stating:

> Pursuant to 28 U.S.C. § 636(b)(1)(B), a judge may designate a magistrate judge to submit a report and recommendations for disposition of a motion for summary judgment. Plaintiff's objections to Magistrate Judge Newman's authority to do so are therefore overruled.

Doc. 39 at PageID 288 n.1. In addition, Judge Rice reviewed the Report and Recommendation *de novo,* and fully considered Plaintiff's briefs and objection. Doc. 39. Plaintiff's desire to make the same arguments to the Sixth Circuit would be frivolous. In addition, given Plaintiff's *pro se* status, the Court has liberally considered other possible grounds for appeal, but finds none. As thoroughly explained in the Report and Recommendation, the facts of this case demonstrate Plaintiff was the target of an email scam perpetrated by an unknown third party, attempting to pass itself off as Woodforest. Doc. 30 at PageID 233-37. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff's appeal is objectively frivolous and not taken in good faith.

Based upon the foregoing, **IT IS THEREFORE RECOMMENDED THAT**:

1. Woodforest's motion (doc. 42) be **GRANTED**;

2. Plaintiff be **DENIED PAUPER STATUS ON APPEAL**; and

3. As no further matters remain pending for review, this case remain **TERMINATED** upon the Court's docket.

February 25, 2013                       s/ **Michael J. Newman**
                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).